

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CANDACE HOWELL, | § | |
| Plaintiff, | § § § § | |
| v. | § | Civil Action No. 4:16-cv-00943-O-BP |
| CITIMORTGAGE, INC., | § § § § | |
| Defendant. | § § | |

## REPORT AND RECOMMENDATION ON PLAINTIFF'S EMERGENCY MOTION TO EXTEND TEMPORARY RESTRAINING ORDER

Before the Court are Plaintiff's Emergency Motion to Extend Temporary Restraining Order (ECF No. 6), filed October 17, 2016, and Defendant's Response to Motion to Extend TRO (ECF No. 8), filed October 19, 2016. This case was referred to the undersigned pursuant to Special Order No. 3-251 on October 13, 2016. A motion to extend a temporary restraining order is an enumerated motion to which the undersigned may only make a recommendation to United States District Judge Reed O'Connor. 28 U.S.C. § 636(b)(1)(A); *see also Providence Prop. & Cas. Ins. Co. v. PeopLease Corp.*, No. 4:06CV285, 2007 WL 2385117, at *1 (E.D. Tex. Aug. 13, 2007), *report and recommendation adopted*, No. 4:06CV285, 2007 WL 2385109 (E.D. Tex. Aug. 17, 2007).

Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned RECOMMENDS that Judge O'Connor DENY Plaintiff's Emergency Motion to Extend Temporary Restraining Order (ECF No. 6).

## I.   BACKGROUND

Plaintiff Candace Howell originally alleged various claims of wrongful attempted foreclosure, breach of contract, and violation of the Fair Debt Collection Practices Act (FDCPA)

by Defendant CitiMortgage, Inc. ("CitiMortgage") in her Application for Temporary Restraining Order, Debt Validation, Request for Disclosures, and Declaratory Relief, filed in the 348th District Court of Tarrant County, Texas. ECF No. 1-2. The state court granted Plaintiff's request for an ex parte temporary restraining order in state court on October 4, 2016. ECF No. 1-5. CitiMortgage filed its answer on October 11, 2016. ECF No. 1-11. Thereafter, CitiMortgage removed this case from state court on October 13, 2016, asserting both federal question and diversity of citizenship jurisdiction in its Notice of Removal. ECF No. 1 at 2.

Following removal, Plaintiff filed an Emergency Motion to Extend Temporary Restraining Order (ECF No. 6) on October 17, 2016, the day before the temporary restraining order was set to expire, alleging that "the intended effect of Defendant's removal is to unilaterally block" her right to a timely hearing on her request for a temporary injunction in state court. ECF No. 6 at 2. Judge O'Connor ordered CitiMortgage to file an expedited brief responding to Plaintiff's Motion by Order entered on October 18, 2016. ECF No. 7. CitiMortgage filed its Response to Motion to Extend TRO (ECF No. 8) on October 19, 2016. In its Response, CitiMortgage asserted that Plaintiff failed to meet the prerequisites for temporary injunctive relief and that because CitiMortgage had not noticed a foreclosure sale, Plaintiff could not establish an actual, imminent, and irreparable injury. ECF No. 8 at 1.

II.  **LEGAL STANDARD AND ANALYSIS**

Rule 65(b) of the Federal Rules of Civil Procedure states that every temporary restraining order issued without notice expires no later than 14 days after the time of entry "unless before that time the court, for good cause, extends it for a like period." Fed. R. Civ. P. 65(b)(2). Particular to removed actions, all injunctions "remain in full force and effect until dissolved or modified by the

district court." 28 U.S.C. § 1450. The Supreme Court of the United States, considering the two statutes together in the context of federal cases removed from state court, held that:

> An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal.

*Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439-40 (1974). The Court noted that in either case, a district court can extend the restraining order for good cause shown pursuant to Rule 65(b). *Id.* at 440 n.15.

An analysis of "good cause shown" required for an extension of a previously-obtained temporary restraining order necessitates consideration of the well-established prerequisites for preliminary injunctive relief. *See Xtria, LLC v. Int'l Ins. All., Inc.*, No. 309-CV-2228-G, 2009 WL 4756365, at *5 (N.D. Tex. Dec. 11, 2009). In the Fifth Circuit, the four prerequisites for obtaining preliminary injunctive relief are as follows:

> (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest.

*Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985)).

In the instant case, Plaintiff has failed to carry her burden of establishing good cause. Plaintiff requested an extension of the temporary restraining order "until such time as the Court

can" rule on Plaintiff's "anticipated" motion to remand or hold a hearing on Plaintiff's request for a preliminary injunction, alleging that she has established good cause by citing a case from the Southern District of Ohio in which the plaintiff's temporary restraining order was extended after removal when the court found that the plaintiff would suffer irreparable harm in the absence of a temporary restraining order. ECF No. 6 at 2-3. Though Plaintiff cites this case, and others in which a court has found good cause, Plaintiff fails to establish good cause based on facts present in her own case. Plaintiff has not established, or even alleged, a substantial threat that she will suffer irreparable harm in the absence of a temporary restraining order in her Motion or Brief in Support.

The state court issued its ex parte temporary restraining order to prevent the pending foreclosure sale the same day, on October 4, 2016. ECF No. 1-5 at 2. The temporary restraining order operated according to its terms—to prevent the foreclosure sale of the subject property. As CitiMortgage asserted in its Response, it has not noticed the property at issue for an upcoming foreclosure sale and it could not conduct a foreclosure sale, even if it were to notice such a sale, until at least December 6, 2016. ECF No. 8 at 1. Therefore, good cause does not exist to extend the temporary restraining order because Plaintiff has not shown that there exists a substantial threat that she will suffer irreparable harm in the absence of an extension.

### III. CONCLUSION

Because Plaintiff has failed to show good cause for an extension of the temporary restraining order, the undersigned RECOMMENDS that Judge O'Connor DENY Plaintiff's Emergency Motion to Extend Temporary Restraining Order (ECF No. 6).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C.

§ 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed October 31, 2016.

*[signature]*

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE