U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC - 8 2016
4:10pm
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CANDACE HOWELL,<br><br>Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§ Civil Action No. 4:16-cv-00943-O-BP<br>§<br>§<br>§<br>§<br>§<br>§ |

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss (ECF No. 9), filed October 19, 2016. Plaintiff has not filed a response to Defendant's Motion. This case was referred to the undersigned pursuant to Special Order No. 3-251 on October 13, 2016. A motion to dismiss for failure to state a claim is an enumerated dispositive motion to which the undersigned may only make a recommendation to United States District Judge Reed O'Connor. 28 U.S.C. § 636(b)(1)(A).

Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned RECOMMENDS that Judge O'Connor GRANT Defendant's Motion to Dismiss (ECF No. 9) and dismiss Plaintiff's claims with prejudice.

### I. BACKGROUND

Plaintiff Candace Howell ("Howell") alleged breach of contract and violation of the Fair Debt Collection Practices Act (FDCPA) by Defendant CitiMortgage, Inc. ("CitiMortgage") in her Application for Temporary Restraining Order, Debt Validation Request for Disclosures, and Declaratory Relief ("Complaint"), filed in the 348th District Court of Tarrant County, Texas. ECF No. 1-2. CitiMortgage filed its answer on October 11, 2016. ECF No. 1-11. Thereafter,

CitiMortgage removed this case from state court on October 13, 2016, asserting both federal question and diversity of citizenship jurisdiction in its Notice of Removal. ECF No. 1 at 2. Following removal, CitiMortgage filed the instant Motion, asserting that Howell failed to state any claim upon which relief may be granted. ECF No. 9. Howell did not respond to the Motion. On October 26, 2016, Howell filed a Motion for Leave to File an Amended Complaint that failed to include a certificate of conference pursuant to Local Rule 7.1 of the Northern District of Texas. ECF No. 10. The Court issued an Order Striking and Unfiling Document(s) and Notice of Deficiency, which ordered Howell to include a certificate of conference to indicate whether CitiMortgage opposed her motion. ECF No. 12. Howell has not complied with the Court's Order.

## II. LEGAL STANDARD AND ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Accordingly, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Bell Atl. Corp.*, 550 U.S. at 547). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

2

"Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Therefore, in ruling on a motion to dismiss, courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Particular to a *pro se* plaintiff's complaint, courts are to liberally construe the pleadings, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the plaintiff's] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

      *i.*   *Fair Debt Collection Practices Act (FDCPA) claim*

Howell alleges that CitiMortgage "has been and remains unresponsive" to her request for debt validation, mailed on October 2 or 3, 2016, thereby subjecting CitiMortgage "to estoppel from any further attempts to collect the debt until such time as the debt is validated." ECF No. 1-2 at 3-4, 33-34. Howell brings this FDCPA claim pursuant to 15 U.S.C. § 1692g, the section governing the required contents of a notice of debt and validation of a disputed debt. However, the FDCPA applies only to abusive tactics employed by "debt collectors." 15 U.S.C. § 1692a. "[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). Although the Deed of Trust was assigned to CitiMortgage on September 28, 2015, Howell has not alleged that the loan was in default prior to the time of assignment. *See* ECF No. 9-1 at 2.

Whether the FDCPA applies in this context is irrelevant to the analysis of dismissal of the instant claim because even if the FDCPA did apply, Howell failed to comply with the provisions of the debt validation statute she alleges entitles her to relief. As an initial matter, Howell mailed her debt validation letter either the same day or the day before she filed her Complaint—Howell's complaint states that the letter was mailed on October 2, 2016, but Howell's letter is dated October 3, 2016. ECF No. 1-2 at 3, 33. Therefore, it would have been premature for the Court to determine whether CitiMortgage "has been and remains unresponsive" to such request. ECF No. 1-2 at 3-4. Moreover, any debt validation request would not have required CitiMortgage to cease its collection efforts because Howell did not mail her letter within the statutory thirty-day period. 15 U.S.C. § 1692g(b).

Howell attached to her Complaint a letter received from CitiMortgage, dated August 15, 2016, notifying Howell that her account had been assigned to the Homeowner Support Team and providing her with options regarding loan modification and loss mitigation assistance. ECF No. 1-2 at 31-32. Although it is unclear from the pleadings if this letter represents the "initial communication with a consumer in connection with the collection of any debt," the letter represents the latest possible date that would start the statutory thirty-day response period. *See* 15 U.S.C. § 1692g(b). Howell admits in her Complaint that she did not send a debt validation request in response until, at the earliest, October 2, 2016, which falls outside the latest possible thirty-day response period. Therefore, Howell failed to comply with the FDCPA provisions governing validation of debts, did not properly submit a request for debt validation, and was not entitled to forbearance of collection efforts; even if applicable, the FDCPA would not here entitle her to relief. Accordingly, the undersigned RECOMMENDS that Judge O'Connor DISMISS the FDCPA claim with prejudice.

  ii. *Breach of contract claim*

Related to the attempted foreclosure of the subject property, Howell claims that she only received a copy of the Notice of Sale through public records. ECF No. 1-2 at 3. Because she did not receive a Notice of Sale from the Lender, Howell alleges that "on information and belief," the Lender did not mail the Notice of Sale. *Id.* Howell asserts that "the 'Lender' must mail the Notice of Sale to the 'Borrower', not the 'Servicer'" and that failure to do so constitutes a breach of the Deed of Trust. *Id.* at 7. Howell attached the Deed of Trust to her complaint, which provides that, with respect to foreclosure procedure, "Lender shall mail a copy of the notice of sale to Borrower in the manner prescribed by applicable law." *Id.* at 22. CitiMortgage argues that "Howell did not plead a legally sufficient breach of contract claim." ECF No. 9 at 5.

Howell's breach of contract claim does not invoke a federal question; therefore the Court applies the law of the forum state, which here is Texas. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Under the *Erie* doctrine, [courts] are bound in diversity cases to apply the substantive law of the forum state as interpreted by the state's highest court." *Am. Nat. Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 328 (5th Cir. 2001) (citing *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)). The Court "look[s] to decisions of the state's highest court, or in the absence of a final decision by that court on the issue under consideration, [ ] must determine in [its] best judgment, how the state's highest court would resolve the issue if presented with it." *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) (internal quotations omitted).

"The essential elements of a breach of contract claim under Texas law are: '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 809 (N.D. Tex. 2012), *aff'd*, 538 F. App'x 391 (5th Cir. 2013) (quoting *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007)). "[A] party in default cannot assert a claim for breach against the other party." *Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 509 F. App'x 367, 369 (5th Cir. 2013) (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)); *see also Gulf Pipe Line Co. v. Nearen*, 138 S.W.2d 1065, 1068 (Tex. 1940) ("It is also elementary that a party to a contract who is himself in default cannot maintain a suit for its breach.").

Where a plaintiff in a suit to prevent foreclosure fails to allege in her complaint that she was current on her payments under the deed of trust, as required to adequately establish the elements of breach of contract under Texas law, it is proper for courts to dismiss the breach of contract claim for failure to state a claim upon which relief can be granted. *Williams v. Wells Fargo*

Bank, N.A., 560 F. App'x 233, 239 (5th Cir. 2014) (citing *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F.Supp.2d 805, 815 (W.D. Tex. 2012)); *Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 WL 2399369, at *10 (N.D. Tex. Jun. 26, 2012) (dismissing breach of contract claim because plaintiffs failed to allege that they performed their contractual obligations by remaining current on their mortgage payments until the alleged breach by the lender). Howell failed to plead that she was current on her payments under the deed of trust at issue. Consequently, she cannot prevail on her breach of contract claim and the undersigned RECOMMENDS that Judge O'Connor DISMISS it with prejudice.

    *iii.*   *"Declaratory Relief"*

Howell's original pleading filed in state court was entitled "Application for Temporary Restraining Order, Preliminary Injunction, Debt Validation Request for Disclosures and Declaratory Relief[.]" ECF No. 1-2 at 2. Howell does not otherwise mention "declaratory relief" elsewhere in her Complaint; however, her only two substantive claims are for a violation of the FDCPA and for a breach of contract. "Both Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief." *Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 F. App'x 398, 400 (5th Cir. 2011) (citing *Bauer v. Texas*, 341 F.3d 352, 357-58 (5th Cir. 2003); *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995)). Declaratory relief "does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir. 1996). "In a declaratory judgment action, the parties litigate the underlying claim, and the declaratory judgment is merely a form of relief that the court may grant." *Id.* at 400-01 (citing *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 171 (5th Cir. 1990)). Once a court dismisses the underlying claims, there are "no claims for which the

district court [can] grant declaratory relief." *Id.* at 401. After dismissal of the FDCPA and breach of contract claims, no substantive claim on which to grant declaratory relief remains. Therefore, the undersigned RECOMMENDS that Judge O'Connor DISMISS the request for declaratory relief with prejudice.

*iv. "Quiet Title Action"*

Finally, contained on the first page of Howell's Complaint is the phrase "Quiet Title Action[.]" ECF No. 1-2 at 2. Nowhere else in the Complaint does that phrase appear. "To prevail on a suit to quiet title, a plaintiff must show that: (1) [s]he has an interest in a specific property, (2) title to the property is affected by a claim from the defendant, and (3) the defendant's claim, although facially valid, is invalid or unenforceable." *Pickens v. U.S. Bank Nat. Ass'n*, No. 3:12-CV-2210-O-BK, 2013 WL 866171, at *8 (N.D. Tex. Jan. 8, 2013), *report and recommendation adopted,* No. 3:12-CV-2210-O, 2013 WL 869958 (N.D. Tex. Mar. 8, 2013). Howell alleges no facts in support of a quiet title claim. A plaintiff's failure to provide support for her own claim of title is fatal to a quiet title claim. *Id.* at *8; *see also Olaoye v. Wells Fargo Bank, N.A.,* 2012 WL 1082307, at *3 (N.D. Tex. 2012) (granting defendant's motion to dismiss where plaintiff's complaint contained no facts indicating that the plaintiff had superior title to the property and merely contained a conclusory statement that plaintiff was the legal and equitable owner of the property). Therefore, the undersigned RECOMMENDS that Judge O'Connor DISMISS the request to quiet title with prejudice.

## III. CONCLUSION

Viewed in the light most favorable to the Plaintiff, the Complaint fails to state a claim upon which relief can be granted. Accordingly, the undersigned RECOMMENDS that Judge O'Connor GRANT Defendant's Motion to Dismiss (ECF No. 9) and dismiss Plaintiff's claims with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed December 8, 2016.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE